**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 06-cv-01950-LTB-CBS

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

HOME DEPOT U.S.A. INC., d/b/a The Home Depot,
a Delaware corporation,

    Defendant.

## STIPULATED PROTECTIVE ORDER

Upon consideration of the parties' Stipulated Protective Order concerning certain confidential information and documents to be disclosed during discovery, and it appearing to the Court that sufficient cause exists for the issuance of such Order, IT IS ORDERED as follows:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.    As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.    Information designated "CONFIDENTIAL" shall be information in which the parties have common law and statutory privacy and/or confidentiality interests and that falls

1

within the exemptions from disclosure under the Freedom of Information Act as set forth in 5 U.S.C. § 552(b)(1)-(9),such as: (a) personnel records of current or former employees of Defendant (b) Defendant's trade secrets and commercial or financial information that is either privileged or confidential (c) Connie Hainline's tax returns; and (d) Connie Hainline's medical records.  CONFIDENTIAL information shall not be disclosed or used for any purpose except for the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed, solely for the purposes of this case, to: attorneys actively working on this case; persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case; the parties, including the designated representatives for Defendants; any current or former officers, directors of employees of Defendant who are needed to assist Defendant's counsel in this case; expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case; the Court and its employees ("Court Personnel"); stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; outside vendors who perform microfiching, photocopying or similar clerical functions ("outside vendors"); deponents, witnesses, or potential witnesses;  at trial, or at any appeal or other court proceeding in this case; and to other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, stenographic reporters and outside vendors), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Before any information is designated "CONFIDENTIAL," counsel of record for the designating party must first review the information and make a determination, in good faith, that the documents and/or information are confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c).

8. Inadvertent failure to designate CONFIDENTIAL information shall not be construed as a waiver, in whole or in part, and may be corrected by the producing party by written notification to the receiving party promptly upon discovery of the failure to designate. Where the producing party inadvertently fails to designate information as CONFIDENTIAL at the time it is produced to the receiving party, the terms of this Protective Order will apply only to those disclosures by the receiving party which occur after the information as been designated as confidential.

9. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. The stenographic reporter shall not furnish copies of testimony or exhibits designated as CONFIDENTIAL to anyone other than counsel of record for the parties herein and the witness (and/or the witness' counsel) whose testimony has been designated as CONFIDENTIAL.

10. Materials designated as CONFIDENTIAL under this Protective Order shall not be filed in the public record of this litigation. When materials that have been designated CONFIDENTIAL are filed with the Court, they shall be electronically filed under Seal, and accompanied by a Motion to File Document Under Seal.

11. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion, within thirty (30) days after the time the notice is received, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as

CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

12. Nothing in this Protective Order shall (a) restrict either party's rights with respect to its/her own documents or information; (b) restrict either party's rights with regard to discovery material that have not been designated as CONFIDENTIAL; (c) prejudice either party's rights to object to the production or disclosure of documents or other information that it considers not subject to discovery; or (d) prejudice either party's right to seek, either by agreement or by application to the Court, greater protection than that provided herein.

13. In the event that other parties may be added to this Action, no CONFIDENTIAL information previously exchanged, produced or used herein shall be disclosed to such additional parties or their counsel except upon their agreeing to be bound by the provisions of this Protective Order.

14. At the conclusion of this litigation, the EEOC will retain copies of all information designated as confidential by Defendant, in compliance with its obligations under the Federal Records Act and Freedom of Information Act ("FOIA").  CONFIDENTIAL documents will be packed separately from the other litigation records in this case, inside sealed envelopes within a sealed box.  The EEOC will place a copy of this Protective Order inside each sealed envelope,

with a notice affixed to the front of each envelope that contains the following instructions: "Pursuant to the Protective Order herein, the information contained in this envelope has been designated as confidential and shall not be disclosed or used except in connection with the litigation of the case *EEOC v. Home Depot U.S.A., Inc.*, Civil Action No. 06-cv-01950-LTB-CBS.  Documents and information contained within this envelope are not subject to disclosure under the Freedom of Information Act or by subpoena, except pursuant to a Court Order.  Please contact Defendant's counsel immediately at (720) 904-6000 to provide Defendant with notice of any subpoena or Freedom of Information Act request, so that Defendant will have 10 business days to determine whether it will object to such production or disclosure."

15. If the EEOC receives a subpoena or request under the Freedom of Information Act for CONFIDENTIAL information, the EEOC will notify counsel for the Defendant at the time the EEOC retrieves and begins reviewing the documents in order to process the subpoena or Freedom of Information Act request, identifying the documents or information sought and enclosing a copy of the subpoena or request.  When notification is made pursuant to this paragraph, the EEOC shall afford Defendant ten business days after notification is made to provide it with a detailed statement of objections to disclosure, identifying the information which Defendant objects to the production of, and the basis for Defendant's objection(s).  The EEOC shall not produce or disclose CONFIDENTIAL information or documents before the ten day notice period has expired.  If, within ten business days of receiving such notice, Defendant provides the EEOC with a statement of its objections to disclosure, the EEOC shall cooperate reasonably with the Defendant in seeking to quash the subpoena or request and shall not make such production or disclosure except pursuant to a Court Order requiring compliance.

16. If a receiving party discloses CONFIDENTIAL information in a manner not authorized herein, the receiving party must immediately and in writing notify the producing party of all pertinent facts relating to such disclosure, and, without prejudice to other rights and remedies of the producing party, make every effort to prevent further disclosure by the receiving party or the person to whom the receiving party disclosed such information.

17. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

18. The terms of this Protective Order are unique to the particular facts and circumstances of this case.

19. Paragraphs 1, 2, 3, 4, 9, 10, 12, 14, 15 and 16 of this Protective Order shall continue to be binding after the conclusion of this Action, including any appeals.

DATED at Denver, Colorado, this 7th day of September, 2007.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

**AGREED AND APPROVED:**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION


By: *s/Jennifer Randall*_____
     Jennifer Randall
     Denver Field Office
     303 E. 17th Ave., Suite 510
     Denver, CO 80203
     (303) 866-1378
     jennifer.randall@eeoc.gov
     Fax:  303.866.1375

*Attorneys for Plaintiff EEOC*


HALE FRIESEN LLP


By: *s/Shayne M. Spalten*_____
     Shayne M. Spalten
     1430 Wynkoop Street, Suite 300
     Denver, CO  80202
     Telephone: (720) 904-6000
     Facsimile:  (720) 904-6006

*Attorneys for Defendant Home Depot U.S.A., Inc.*