**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 06-cv-01950-LTB-CBS

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

                                Plaintiff,

      v.

HOME DEPOT U.S.A. INC., d/b/a The Home Depot, a Delaware corporation,

                                Defendant.

**PLAINTIFF EEOC'S MOTION TO STRIKE**

Plaintiff, U.S. Equal Employment Opportunity Commission ("EEOC") hereby submits the following Motion to Strike. EEOC respectfully requests that the Court strike Exhibits J and O to Defendant Home Depot U.S.A. Inc.'s ("Home Depot") Motion for Summary Judgment (Dkt. 40), and that Home Depot not be permitted to use Summary Judgment Motion Exhibits J and O at trial, because Home Depot has not met its obligations under Rules 26(a)(1), 26(e)(1) and 26(e)(2) of the Federal Rules of Civil Procedure. The following are the grounds that support the EEOC's Motion to Strike:

Home Depot disclosed Summary Judgment Motion Exhibits J and O to the EEOC after the close of discovery, and less than four business days before filing its Motion for Summary Judgment. Although Exhibits J and O to Home Depot's Motion for Summary Judgment are based on Home Depot's own data, which has been in Home Depot's custody and control since the fall of 2004, Home Depot did not disclose these documents to the EEOC during the

discovery period, as required by Federal Rule of Civil Procedure 26, or produce these documents to the EEOC in response to the EEOC's request for "All documents which support the defendant's affirmative defenses." While Home Depot now offers Summary Judgment Motion Exhibits J and O to show that Ms. Hainline selected specific candidates for positions with Home Depot on the company computer system, during discovery, Home Depot's designated corporate representative testified that company computer records *would not* show the identity of a manager who pulled a qualified pool of candidates. Thus, Home Depot is precluded from now offering print-outs from its computer records, Exhibits J and O, and arguing that they show the identity of the manager who pulled the qualified pool – allegedly, Ms. Hainline.

EEOC is both surprised and prejudiced by Home Depot's failure to meet its Rule 26 obligations, as EEOC has not had an opportunity to discover the electronic data underlying Exhibits J and O, or information relevant to the authenticity and trustworthiness of Summary Judgment Motion Exhibits J and O. The steps necessary to cure the prejudice caused by Home Depot's untimely disclosure of Exhibits J and O would both delay the case and disrupt the trial date set by the Court. Accordingly, Exhibits J and O should be struck from Home Depot's Motion for Summary Judgment, and Home Depot should not be permitted to offer Exhibits J and O at trial.

*Certification of Compliance With Local Rule 7.1(a)*

Counsel for the EEOC spoke with counsel for Home Depot about the issues underlying the present motion on March 6, 2008. The parties participated in a conference call with Magistrate Judge Shaffer on March 7, 2008. During the conference call, Magistrate Judge Shaffer directed the parties to brief the issues. (Dkt. 41.)

## BACKGROUND

In the present enforcement action, the United States Equal Employment Opportunity Commission ("EEOC") alleges that Defendant Home Depot U.S.A. Inc. ("Home Depot") retaliated against Connie Hainline in violation of Title VII of the Civil Rights Act of 1964 by suspending and terminating Ms. Hainline because she participated in activity protected under Title VII. Dkt. 1. The present lawsuit, which was filed in September 2006, is based on a charge of retaliation that Ms. Hainline filed with the EEOC in December 2004, following her termination from Home Depot.

Throughout the EEOC's investigation and the present lawsuit, Home Depot has maintained that Connie Hainline was terminated because she committed two violations of company hiring policy. One of the alleged violations involved the hiring of an applicant named Michelle Addison in August 2004; Ms. Hainline's termination notice states that she "knowingly" sent Ms. Addison to orientation before Ms. Addison's background check results returned. Ex. 1. The second alleged violation involved the hiring of an applicant named Asa Newhouse in the fall of 2004; Ms. Hainline's termination notice states that she committed a major work rule violation by hiring Mr. Newhouse for a sales position although she knew that Mr. Newhouse had failed a sales test required for the position. *See id.*

Home Depot included the following affirmative defenses in its Answer to the EEOC's complaint: Plaintiff's claims are barred by the doctrine of unclean hands;[1] Plaintiff's claims are barred or limited by the fact that Defendant's actions are supported by a legitimate business

---

[1] Home Depot has taken the position that Ms. Hainline's unclean hands are demonstrated by, among other things, the two alleged policy violations for which she was allegedly terminated. Ex. 2 at 4.

3

purpose; and Plaintiff's claims are barred in whole or in part by Ms. Hainline's failure to comply with policies and procedures.  Dkt. 3.

Home Depot did not produce Summary Judgment Motion Exhibits J and O to the EEOC during the year-long EEOC investigation which preceded this litigation, or during the first 16 months of the present lawsuit.  Neither Home Depot's March 5, 2007 initial disclosures, nor the three supplemental disclosures that Home Depot made, on August 30, 2007, September 18, 2007 and November 27, 2007, before the fact discovery period closed on February 1, 2008, included Summary Judgment Motion Exhibits J and O.  Exs. 3, 4, 5, 6.  Home Depot also failed to produce this evidence in response to the EEOC's discovery request for "All documents which support the defendant's affirmative defenses."[2]  Ex. 7 at 11, Request for Production No. 17.

Home Depot only disclosed Summary Judgment Motion Exhibits J and O to the EEOC after the fact discovery period ended, and less than four business days before filing its February 19, 2008 Motion for Summary Judgment.  Ex. 8.  Although it failed to disclose this evidence to the EEOC during the discovery period, Home Depot now attempts to use this evidence in support of its Motion for Summary Judgment.  Dkt. 40, Exs. J and O.  Specifically, Home Depot offers Summary Judgment Motion Exhibits J and O in support of its assertion that Ms. Hainline selected Ms. Addison and Mr. Newhouse as candidates for positions with Home Depot, using the Home Depot's computer system.  Dkt. 40, Home Depot's Proffered Undisputed Facts 12 and 17. In particular, Home Depot further relies on Summary Judgment Motion Exhibit O in support of its assertion that Ms. Hainline selected Mr. Newhouse as a candidate for a job as a parking lot attendant, but then interviewed and recommended him for hire on the freight team, although Mr.

---

[2]EEOC's discovery requests included computer records in their definition of "document."  Ex. 7 at 4-5.

Newhouse did not meet the minimum job requirements for the freight team position. Dkt. 40, Home Depot's Proffered Undisputed Facts 17, 18.

## ARGUMENT

Rule 26(a) of the Federal Rules of Civil Procedure requires the parties, "without awaiting a discovery request," to provide to the other parties with

> a copy of, or description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

FED. R. CIV. P. 26(a)(1)(B) (emphasis added). Pursuant to Rule 26(e)(1), a party is under a duty to supplement its disclosures at appropriate intervals if the party learns that in some material respect the information disclosed is incomplete and incorrect, and the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. Each party also has a duty to seasonably amend prior responses to requests for production if the party learns that the response is in some material respect incomplete or incorrect. FED. R. CIV. P. 26(e)(2).

Pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure, a party that fails to disclose information required by Rule 26(a) or 26(e)(1), or fails to amend a prior response to discovery as required by Rule 26(e)(2), is not permitted to use such evidence in support of a motion unless such failure is harmless, or unless substantial justification exists. The Tenth Circuit Court of Appeals has identified four factors for courts to consider in evaluating a motion under Rule 37(c)(1): (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

5

*Woodworker's Supply, Inc. v. Principal Mutual Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999).

### 1.  *Home Depot is Not Using the Exhibits J and O "Solely for Impeachment"*

Under Rule 26(a)(1)(B), a party need not disclose information that is offered "solely for impeachment." However, Home Depot is not using these documents solely for impeachment; Home Depot is using them in support of a motion for summary judgment. The mere fact that Home Depot is using these exhibits at summary judgment shows that they are not "solely for impeachment," because the Court's role at summary judgment is to determine whether there are any genuine issues of material fact, and not to make credibility determinations. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-250, 255 (1986). Thus, Summary Judgment Motion Exhibits J and O should have been disclosed under Rule 26(a)(1)(B) and Rule 26(e)(1). *See Vesom v. Atchison Hosp. Assoc.,* No. 04-cv-2218, 2006 WL 2714265 at *6 (D. Kan. Sept. 22, 2006) (unpublished opinion, attached) (holding that evidence used to support a party's contentions in a case is not "solely for impeachment"); *Newsome v. Penske Truck Leasing Corp.,* 437 F. Supp.2d 431, 434-435 (D. Md. 2006) (same).

### 2.  *EEOC is Surprised and Prejudiced By Home Depot's Failure to Meet Its Rule 26 Obligations*

EEOC is both surprised and prejudiced because, prior to Home Depot's late disclosure of Exhibits J and O on February 13, 2008, EEOC was not aware that Home Depot's computer records reflected the identity of managers who selected candidates for positions using the company computer system, or that Home Depot intended to rely on such records at summary judgment or at trial. Indeed, in October 2007, Home Depot's designated corporate representative testified that company computer records ***would not*** show the identity of a manager who pulled a qualified pool of candidates. Ex. 9 at 45:2-5.

During the hiring process, managers select applicants for interview by pulling a qualified pool of candidates from the applications stored in the company computer system. Ex. 9 at 41:11 to 42:17. The qualified pool of candidates is a list of people who meet the minimal job requirements for a specific position; different positions have different minimal job requirements. *See id.* Under Home Depot policy, only applicants who have been attached to the qualified pool of candidates may be interviewed for a position. *See id.* During the October 17, 2007 Rule 30(b)(6) deposition of Home Depot, designated corporate representative Deborah Layton-Root testified that company computer records would reflect the identity of the manager who posted an open position, but ***would not*** reflect the identity of the manager who pulled a qualified pool of candidates for the position. Ex. 9 at 45:2-7. When asked whether the person who posted a position would necessarily be the same person who pulled a qualified pool of candidates, Ms. Layton-Root testified that more than one person could pull a qualified pool. Ex. 9 at 47:1-5.

Under Federal Rule of Civil Procedure 34(a), EEOC is entitled to discover the electronic data itself, and need not rely on Home Depot's computer print-out. Further, EEOC has not had an opportunity to discover how the data allegedly reflected in Summary Judgment Motion Exhibits J and O was recorded, stored and maintained, or how the data was retrieved in creating Summary Judgment Motion Exhibits J and O. This information is necessary both to determine the authenticity of Summary Judgment Motion Exhibits J and O, and to determine whether the information in the exhibits falls within a hearsay exception. *See* Fed. R. Evid. 803(6); 901(8) and (9). EEOC did not have an opportunity to discover information relevant to the authenticity and trustworthiness of Summary Judgment Motion Exhibits J and O because Home Depot did not disclose these documents to EEOC until after the discovery deadline had passed, and less

7

than four business days before Home Depot filed its Summary Judgment Motion. At least one court in the District of Colorado has excluded evidence that a party disclosed just before filing a motion for summary judgment. *See Alward v. Vail Resorts,* No. 04-cv-00860, 2006 WL 894958 at *2-3 (D. Colo. March 31, 2006) (unpublished opinion, attached). *See also Fulmore v. Home Depot U.S.A., Inc.,* 423 F. Supp.2d 861, 871-872 (S.D. Ind. 2006) (striking personnel data which Home Depot failed to disclose to the plaintiff-employee before filing its motion for summary judgment).

Similarly, courts have held that a party is precluded from offering evidence at summary judgment which is contrary to the testimony of its designated corporate representative. *See e.g. Travelers Indemnity Co. v. Hans Lingl Anlagenbau Und Verfahrenstechnik GMBH & Co. KG,* 189 Fed. Appx. 782, 784 (10th Cir. 2006) (unpublished opinion, attached) (observing that district court below held that the plaintiff was precluded from presenting evidence at summary judgment which added to or contradicted the evidence which the plaintiff produced at the 30(b)(6) deposition); *Super Future Equities, Inc. v. Wells Fargo Bank Minnesota, N.A.,* No. 06-cv-0271, 2007 WL 4410370 at *4, *7 (N.D. Tex. Dec. 14, 2007) (unpublished opinion, attached) (excluding portion of affidavit which contradicted corporate representative's deposition testimony); *Rainey v. American Forest and Paper Assoc., Inc.,* 26 F. Supp.2d 82, 94-96 (D.D.C. 1998) (holding that the defendant could not rely on evidence at summary judgment which varied materially from the positions it took during its 30(b)(6) deposition).

Because Exhibits J and O are contrary to the sworn testimony of Home Depot's corporate representative, and because EEOC is both surprised and prejudiced by the untimely disclosure of Exhibits J and O, EEOC's Motion to Strike should be granted.

### *3.     Curing the Prejudice Caused by Home Depot's Failure to Meet Its Rule 26 Obligations Will Disrupt the Trial and Delay the Case*

Under the second prong of the *Woodworker's* analysis, in order to cure the prejudice the EEOC has suffered as a result of Home Depot's untimely disclosure, EEOC will need to conduct electronic discovery of the data underlying Summary Judgment Motion Exhibits J and O, and to depose a corporate representative about the methods used by Home Depot to record, store, maintain and retrieve the data. EEOC would also need to obtain other similar computer records, in order to identify potential inconsistencies. Depending on the format of the electronic data, EEOC might also need to retain an expert to interpret the data.

Under the third prong of the *Woodworker's* analysis, the steps necessary to cure the prejudice to the EEOC would delay the Court's decision on Home Depot's summary judgment motion for several months, and would likely require the re-scheduling of the present May 6, 2008 final pre-trial conference, July 22, 2008 trial preparation conference and August 18, 2008 trial date. Dkt. 8. Numerous courts have granted motions brought under Rule 37(c)(1) where the steps necessary to cure prejudice would delay the case, even where there was no trial date set. *See e.g. Sender v. Mann*, 225 F.R.D. 645, 657 (D. Colo. 2004) (granting motion under Rule 37(c)(1) even though a trial date had not been set); *In re: Independent Serv. Orgs. Antitrust Litigation,* 85 F. Supp.2d 1130, 1162-1163 (D. Kan. 2000) (same). In the present case, the steps necessary to cure the prejudice caused by Home Depot's untimely disclosure would both delay the case and disrupt the trial date set by the Court.

### *4.     The Evidence in Question Was in Home Depot's Custody and Control*

With regard to the fourth prong of the analysis, EEOC does not have any direct evidence of bad faith or willfulness on Home Depot's part. However, EEOC notes that Summary

Judgment Motion Exhibits J and O are based on Home Depot's own data, which has been in Home Depot's custody and control since the events underlying the present lawsuit took place in the fall of 2004.[3]  Further, this is not the first time that Home Depot has failed to timely disclose or produce evidence relied on in a summary judgment motion. *See e.g. Fulmore v. Home Depot U.S.A., Inc.,* 423 F. Supp.2d 861, 871-872 (S.D. Ind. 2006) (striking personnel data which Home Depot failed to disclose to the plaintiff-employee before filing its motion for summary judgment).

Even assuming that Home Depot acted in good faith, good faith alone is not enough to overcome the other three *Woodworker's* factors, which all weigh in EEOC's favor. *Jacobsen v. Desert Book Co.,* 287 F.3d 936, 954 (10th Cir. 2002), *cert. denied* 537 U.S. 1066 (2002). Accordingly, EEOC's Motion to Strike should be granted.

## CONCLUSION

The EEOC respectfully requests that the Court strike Exhibits J and O to Home Depot's Motion for Summary Judgment, because the EEOC is prejudiced by Home Depot's failure to comply with Rules 26(a)(1), 26(e)(1) and 26(e)(2), and because curing the prejudice caused by Home Depot's failure to comply with Rule 26 would delay the case and disrupt the trial date set by the Court.  Home Depot is further precluded from relying on Exhibits J and O because they contradict the sworn testimony of Home Depot's 30(b)(6) representative.  EEOC requests that

---

[3] To the extent that Home Depot now asserts that it did not learn that EEOC was taking the position that Ms. Hainline did not pull Mr. Newhouse's application materials until December 2007, EEOC notes that Home Depot deposed Ms. Hainline in August 2007.  During the August 2007 deposition, Ms. Hainline testified that, after she spoke with Ms. Burger about interviewing Mr. Newhouse for the night freight position, Ms. Burger scheduled Mr. Newhouse for an interview and left Mr. Newhouse's interview paperwork in Ms. Hainline's basket.  Ex. 10 at 95:14-96:15, 99:22-100:7.  When asked by Home Depot's counsel if she ever pulled the qualified pool herself, Ms. Hainline responded that she did not recall doing so.  *See id.* at 95:8-10.  However, Ms. Hainline did not deny that she had access to Home Depot's computer system.  Ex. 10 at 111:19-25.

Home Depot not be permitted to use Summary Judgment Motion Exhibits J and O at trial. The EEOC also requests that the Court grant any other relief to which the Court determines the EEOC is entitled.

DATED: March 7, 2008            Respectfully submitted,

                                                        s/ Jennifer Randall
Jennifer Randall
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Denver Field Office
303 E. 17th Ave., Suite 410
Denver, CO 80203
(303) 866-1378
jennifer.randall@eeoc.gov
Fax: 303.866.1375

*Attorneys for Plaintiff EEOC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following attorneys of record at the following email addresses:

Christine Lamb
CLamb@halefriesen.com

Dan Friesen
DFriesen@halefreisen.com

Gillian Dale
GDale@halefriesen.com

                                         *s/ Jennifer Randall*

                                         Jennifer Randall
                                         Trial Attorney