**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 06-cv-01950-LTB-CBS

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

HOME DEPOT U.S.A. INC.,
d/b/a The Home Depot, a Delaware corporation,

    Defendant.

---

**FINAL PRETRIAL ORDER**

---

### 1. DATE AND APPEARANCES

| | |
|---|---|
| Date of Conference: | May 9, 2008, at 9:15 a.m. |
| Counsel for Plaintiff EEOC: | Jennifer Randall<br>Denver EEOC Field Office<br>303 E. 17th Ave, Suite 410<br>Denver, CO 80203<br>(303) 866-1378<br>jennifer.randall@eeoc.gov |
| | Stephanie Struble<br>Denver EEOC Field Office<br>303 E. 17th Ave, Suite 410<br>Denver, CO 80203<br>(303) 866-1381<br>stephanie.struble@eeoc.gov |
| Counsel for Defendant: | Christine Lamb<br>HALE FRIESEN<br>1430 Wynkoop #300<br>Denver, Colorado 80202<br>(720) 904-6000<br>clamb@halefriesen.com |

## 2. JURISDICTION

Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 703(a), 704(a), 706(f)(1), 706(f)(3), of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a), 2000e-5(f)(1), 2000e-5(f)(3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Colorado.

## 3. CLAIMS AND DEFENSES

*a.* *Plaintiff:* This is a public enforcement action to correct unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. This action seeks to provide appropriate relief to Connie Hainline, a former employee of Home Depot.

In 2002, Connie Hainline filed a charge of discrimination with the EEOC, alleging sex discrimination by Home Depot. Ms. Hainline participated, as a class member, in a public enforcement action filed by the EEOC in August 2004, and in the resolution of that lawsuit. As a part of the larger settlement of the 2004 lawsuit, Ms. Hainline entered a private settlement agreement, as negotiated by her private counsel, with Home Depot. The private settlement agreement was finalized on October 26, 2004, and Ms. Hainline received her settlement checks in early November 2004. Less than a month after receiving her settlement checks from Home Depot, Ms. Hainline was placed on administrative leave and fired.

Home Depot maintains that Ms. Hainline was terminated for alleged violations of Home Depot's hiring policies. However, the evidence establishes that Home Depot's alleged non-

discriminatory reason for terminating Ms. Hainline was pretextual. First, evidence before Home Depot, at the time Ms. Hainline was terminated, showed that she did not commit either of the major work rule violations in question. Second, Ms. Hainline's prior recent protected activity was discussed by decisionmakers while they were in the process of deciding to fire her. Indeed, the directive to investigate Ms. Hainline's alleged policy violations was given at a meeting regarding the consent decree which resolved the 2004 EEOC litigation. Third, Home Depot did not conduct its investigation as required by its policies. For example, key decision-maker determined that Ms. Hainline should be terminated before an investigation had been conducted, and before Ms. Hainline had been given an opportunity to tell her side of the story. Finally, Home Depot has been unable to identify any similarly situated individuals who were terminated for hiring policy violations prior to Ms. Hainline's December 3, 2004 termination. The only two individuals, apart from Ms. Hainline, that Home Depot has identified as being terminated for violations of company hiring policy since 2001 were disciplined in the past six months, during the course of the present litigation. Witness testimony shows that a Home Depot Regional Human Resources Manager recently told a store Human Resources Manager who committed a similar violation of company hiring policy that "a lot of people have made this mistake."

  b. *Defendant:* Connie Hainline's employment was terminated after Home Depot discovered that she committed two major work violations, each of which alone would justify immediate termination. First, Ms. Hainline intentionally permitted a job applicant to begin orientation even though the store had not received satisfactory background check results. Under Home Depot's Code of Conduct, this constitutes a "major work rule violation" and thus ordinarily results in immediate termination. Ms. Hainline acknowledged that she did not have the required background check completed, but instructed a subordinate to process the applicant's orientation

paperwork anyway because she was confident that she would pass. In fact, the applicant's background check came back with a "red alert." This resulted in the applicant losing several weeks without a paycheck since she had quit her previous job in reliance on Ms. Hainline's actions.

Second, Ms. Hainline intentionally hired another job applicant for a freight team position even though he had not passed the required pre-employment test for the position. When confronted about the violation, Ms. Hainline lied to the Human Resources Manager and refused to take responsibility for her actions. Ms. Hainline's conduct not only violated a major work rule prohibiting the hiring of associates who had not met the qualifications for a position, her conduct was dishonest, insubordinate, and defiant, itself a violation of Home Depot's standards for integrity and honesty.

Under the circumstances, Home Depot justifiably terminated Ms. Hainline's employment. Ms. Hainline now claims that the real reason for her termination was not her misconduct and flagrant policy violations, but because she had received a settlement from Home Depot for an EEOC charge of sex discrimination she had filed two years earlier. Home Depot vehemently denies that Ms. Hainline's termination was the result of, or in any way connected to, her EEOC settlement. Ms. Hainline has no evidence of any retaliatory motive, other than the bare fact that she received her settlement check about a month before her termination.

## 4. STIPULATIONS

The parties stipulate to the following:

Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and 706(f)(3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

At all relevant times, Defendant has continuously been and is now doing business in the State of Colorado and has continuously had at least fifteen (15) employees.

At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g) and (h).

Defendant employed at least 501 individuals in each of 20 or more calendar weeks during 2003 and 2004.

All parties are properly before the Court.

Venue is proper.

The Court has jurisdiction over this case and the parties.

## 5. PENDING MOTIONS

a. Defendant's Motion for Summary Judgment, filed February 19, 2008 (Dkt. 40). Opposition brief filed March 10, 2008 (Dkt. 44). Reply brief filed March 28, 2008 (Dkt. 51).

b. Plaintiff's Motion to Strike, filed March 7, 2008 (Dkt. 42). Opposition brief filed March 28, 2008 (Dkt. 50). Reply brief filed April 3, 2008 (Dkt. 52).

c. Plaintiff may file a Daubert motion regarding Defendant's expert, Jory Laine.

d. Plaintiff may file a motion for leave for Dawn Nichol-Sorenson, Jason Grasser and Mike McEnroe to appear by video-conferencing.

e. Plaintiff may file a motion to strike Leslie Collins as a trial witness, due to Defendant's failure to disclose her as a witness as required by Rule 26(a) and Rule 26(e)(1).

## 6. WITNESSES

Plaintiff: Please see Exhibit A.

Defendant: Please see Exhibit 1.

## 7. EXHIBITS

a. Exhibits to Be Offered by Each Party:

    (1) Plaintiff: Please see Exhibit B.

    (2) Defendant: Please see Exhibit 2.

b. Copies of listed exhibits must be provided to opposing counsel and any *pro se* party no later than five days after the final pretrial conference. The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 11 days after the exhibits are provided.

## 8. DISCOVERY

Following the close of discovery, Defendants identified additional documents, which had been in Defendants' possession throughout the litigation. If Plaintiff's Motion to Strike (Dkt. 42) is granted, and Exhibits J and O to Defendant's Motion for Summary Judgment are excluded at trial, then no additional discovery will be needed. However, if Exhibits J and O are not excluded at trial, then Plaintiff will seek the following additional discovery:

    an informal conversation between EEOC IT personnel and Home Depot's IT personnel (with counsel on the line) in order to help the EEOC draft its electronic discovery requests and reduce the electronic discovery process from two steps to one step;

    production of electronic data to the EEOC by Home Depot - including the data underlying Exhibits J and O as well as other similar computer records;

    possibly the retention of an expert to review and analyze the data produced by Home Depot;

and once the EEOC has received and reviewed the electronic data, the EEOC will need to depose a corporate representative.

### 9. SPECIAL ISSUES

None.

### 10. SETTLEMENT

The undersigned counsel for the parties certifies that:

    a.    Counsel for the parties met in person for a settlement conference with Magistrate Judge Shaffer on September 7, 2007, and with a private mediator December 18, 2007 to discuss in good faith the settlement of the case.

    b.    The participants in the settlement conferences included counsel and party representatives.

    c.    The parties were promptly informed of all offers of settlement.

    d.    Counsel for the parties do not intend to hold future formal settlement conferences, however, counsel continue to informally discuss settlement.

    e.    It appears from the discussion by all counsel that there is some possibility of settlement.

    f.    No additional settlement conferences before the magistrate judge or other alternative dispute resolution methods are presently scheduled. **The parties are scheduled for settlement conference with the magistrate judge on July 1, 2008 at 1:30. The parties will contact the court should that settlement conference be unnecessary or unproductive.**

    g.    Counsel for the parties considered ADR in accordance with

D.C.COLO.LCivR.16.6.

## 11. OFFER OF JUDGMENT

Counsel and any pro se party acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure. Counsel have discussed it with the clients against whom claims are made in this case.

## 12. EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice. The pleadings will be deemed merged herein. This Final Pretrial Order supersedes the Scheduling Order. In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13. TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

1. Trial is to a jury.

2. The parties estimate that they will need five days for the trial.

3. The trial will take place in Denver, Colorado.

DATED at Denver, Colorado, this 9th day of May, 2008.

                                           BY THE COURT:

                                           s/ Craig B. Shaffer
                                           Craig B. Shaffer
                                           United States Magistrate Judge

APPROVED:

| | |
|---|---|
| *s/ Jennifer Randall* | *s/ Shannon Henderson* |
| Jennifer Randall | Shannon M. Henderson |
| EEOC | HALE FRIESEN |
| 303 E. 17th Avenue  Suite 410 | 1430 Wynkoop #300 |
| Denver CO 80203 | Denver, Colorado 80202 |
| (303) 866-1378 | (720) 904-6000 |
| | |
| ATTORNEY FOR PLAINTIFF | ATTORNEYS FOR DEFENDANT |