IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 06-cv-01950 - LTB - CBS

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

 Plaintiff,

v.

HOME DEPOT, U.S.A., INC., d/b/a The Home Depot, a Delaware corporation,

 Defendant.

_____

ORDER
_____

 This case is before me on Plaintiff Equal Opportunity Commission's (the "EEOC") Motion to Strike [Doc # 42]. After consideration of the motion and all related pleadings, as well as the case file, I deny the motion for the following reasons.

## I. Background

 In this lawsuit, the EEOC asserts a claim for retaliatory discharge under Title VII based on Defendant Home Depot U.S.A., Inc.'s ("Home Depot") termination of Connie Hainline ("Hainline") in December of 2004. Home Depot's primary defense in the case is that Hainline was terminated because she committed two major work rule violations under Home Depot's Code of Conduct and not in retaliation for her charge of sex discrimination. The major work rule violations at issue are

> • Assigning an associate to a position before the associate has qualified for the position and passed any appropriate test
>
> • Intentionally allowing new hires to begin work prior to receiving all required pre-employment paperwork, (i.e. negative drug or background screening or before the hire is processed in the AIMS [Associate Information Management] system

Hainline allegedly committed the first major work rule violation in late August of 2004. At that time, Hainline interviewed Michelle Addison (Addison") for a cashier position. Addison was given a conditional offer of employment pending completion of her background check and drug test. Prior to the completion of Addison's background check, Hainline contacted her and asked her to come to the Evergreen Store so she could complete her new hire paperwork. Addison completed her new hire paperwork on August 30, 2004 and attended her first day of orientation the following day. On August 31, 2004, the same day that she reported for her first day of orientation, Addison's background check results came back showing that she was ineligible for hire due to a felony conviction. Hainline has argued that she did not violate Home Depot's Code of Conduct with respect to this incident because she did not know that Addison's background check had not been completed.

Hinline allegedly committed her second major work rule violation in September of 2004. At that time, Hainline interviewed Asa Newhouse ("Newhouse") for a night freight team position at Home Depot. Hainline recommended that Newhouse be hired for the night freight team position but in attempting to order his background check Burger determined that Newhouse was not eligible for this position as a result of failing the sales test. Burger retracted Newhouse's conditional offer of employment, and Home Depot subsequently hired Newhouse as a lot attendant. Hainline has argued that she did violate Home Depot's Code of Conduct with respect to this incident because she did not know that Newhouse had not passed the required sales test.

At issue in the EEOC's motion to strike are two computer printouts from Home Depot's Associate Information Management System ("AIMS") that were attached to Home Depot's motion for summary judgment as Exhibits J and O and provided to the EEOC on February 13, 2008.  Home Depot argues that these printouts are key evidence because they show that Hainline was aware of the lack of a background check for Addison and the failed sales test by Newhouse.  In the undisputed facts section of its motion for summary judgment, however, Home Depot asserted that Hainline failed to check on the status of Addison's background check and failed to check to see whether Newhouse had passed the required sales test.  *See* Motion for Summary Judgment, ¶¶ 15 & 20.  In any event, the EEOC agrees that these documents are significant and relevant to the question of whether Hainline accessed AIMS with respect to Addison and Newhouse's candidacies for employment.

In its motion, the EEOC argues that Home Depot should have produced copies of the AIMS printouts with its initial or supplemental disclosures under Fed. R. Civ. P. 26(a), as well as in response to the EEOC's discovery request for "[a]ll documents which support the defendant's affirmative defenses."  Home Depot's affirmative defenses in this case include that the EEOC's claims are barred by the doctrine of unclean hands; that the EEOC's claims are barred or limited by the fact that Home Depot's actions are supported by a legitimate business purpose; and that the EEOC's claims are barred in whole or in part by Hainline's failure to comply with policies and procedures.

## II.  Analysis

The first question raised by the EEOC's motion is whether Home Depot violated Rule 26 by not producing the AIMS printouts prior to February 13, 2008.  Rule 26(a)(1)(A)(ii) requires

3

the parties to disclose "a copy of - or a description by category and location - of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Rule 26(e)(1)(A) further requires the parties to supplement their disclosures under Rule 26(a) and responses to written discovery requests "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Home Depot argues that it did not violate Rule 26 in failing to produce the AIMS printouts prior to February of 2008 because (1) it was not apparent from either the pleadings or Hainline's deposition that she was taking the position that she had not accessed AIMS regarding Addison and Newhouse; (2) the EEOC learned through the deposition of Home Depot representative Deborah Layton-Root ("Layton-Root") that Home Depot's computer records would reflect whether Hainline had in fact accessed AIMS with respect to these candidates; and (3) the EEOC never pursued any available remedies after Home Depot objected to its discovery request for all documents relevant to Home Depot's affirmative defenses which the AIMS printouts are not relevant to in any event.

In response, the EEOC first asserts that Home Depot was aware of Hainline's position that she did not access AIMS regarding Addison or Newhouse during her August of 2007 deposition when she responded that she did not recall pulling the qualified pool of candidates for the freight team position for which she interviewed Newhouse. This four sentence exchange during Hainline's deposition, during which no specific reference is made to AIMS and which

4

does not relate to Addison, provides weak, if any, evidence of a duty by Home Depot to search for and disclose records under AIMS relating to Addison and Newhouse's candidacies for employment.

The EEOC also argues that Home Depot cannot excuse its failure to disclose the AIMS printouts on the basis that this information was "otherwise made known" to the EEOC during the deposition of Layton-Root. Home Depot's argument that the existence of the AIMS printouts was otherwise made know to the EEOC is based on Layton-Root's affirmative response at her deposition to the question of whether it was possible to go back through AIMS and determine who took specific steps during the hiring process. As the EEOC points out, however, Layton-Root went on to testify that computer records would not identify the person who pulled a qualified pol of candidates for a position. "While information may be considered to have been 'otherwise made known' where the alleged disclosure is clear and unambiguous, where the alleged disclosure is not sufficiently clear, it cannot satisfy the requirements of [Rule 26]." *Tritek Tech., Inc. v. United States,* 63 Fed. Cl. 740, 748 (Fed. CL. 2005). The deposition testimony of Layton-Root is not sufficiently clear to put the EEOC on notice that AIMS records would show that Hainline accessed the system for purposes of pulling a qualified candidate pool or attaching a candidate from the qualified pool top the candidate list. Home Depot therefore cannot excuse any disclosure requirement under Rule 26 on the basis that the existence of the subject AIMS printouts was otherwise made known to the EEOC during the deposition of Layton-Root.

Finally, the EEOC argues that Home Depot's objection to its discovery request for all documents relevant to Home Depot's affirmative defenses failed to put the EEOC on notice that

Home Depot was not providing all responsive documents. Specifically, although Home Depot objected to the discovery request as vague, ambiguous, overbroad, and unduly burdensome, it went on to state that "[w]ithout waiving its objections, Defendant refers Plaintiff to documents previously produced pursuant to Fed. R. Civ. P. 26(a)(1) and documents to be produced herewith and documents to be produced pursuant to entry of an appropriate protective order." This response suggests that all non-proprietary responsive documents had been or were being produced. Although Home Depot also argues that the AIMS printouts were not relevant to the EEOC's discovery request in any event, both the EEOC's request and Home Depot's affirmative defenses are so broad as to arguably encompass these documents. Accordingly, Home Depot should have disclosed the AIMS printouts to the EEOC at some point in time though it is not entirely clear when Home Depot first became aware of their availability or relevance.

Assuming that Home Depot violated its disclosures requirements with respect to the AIMS printouts, the remedy available to the EEOC is governed by Fed. R. Civ. P. 37(c)(1). Rule 37(c)(1) provides that "[i]f a party fails to provide information ... as required by Rule 26(a) or (e), the party is not allowed to use that information ... to supply evidence on a motion, hearing, or at a trial, unless the failure was substantially justified or harmless." In evaluating a motion under Rule 37(c)(1), I must consider "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc. v. Principal Mutual Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999.)

Applying these factors to the present case, I conclude that the EEOC has not been

prejudiced by Home Depot's failure to disclose the AIMS printouts until shortly before the filing of its motion for summary judgment. Most significantly, I have already issued an Order in the EEOC's favor on Home Depot's motion for summary judgment, and the subject AIMS printouts were not a factor in that decision. To the extent that the EEOC would be prejudiced by the use of these printouts at trial, any such prejudice can be cured by additional discovery. Home Depot has already agreed to additional discovery in principal, and the EEOC should file a separate motion detailing the additional discovery it wishes to undertake. Since the August 18, 2007 trial has already been vacated for other reasons and has not been re-set, any additional discovery that is ordered will not disrupt the trial. Finally, there is no evidence to suggest that Home Depot acted willfully or in bad faith in not providing the AIMS printouts to the EEOC prior to February of 2008. Accordingly, none of the relevant factors support sanctioning Home Depot by precluding the use of Exhibits J and O in support of its motion for summary judgment or at trial.

IT IS THEREFORE ORDERED that the EEOC's Motion to Strike [Doc # 42] is DENIED.

Dated: July   11  , 2008 in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE